1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| BOB BEJARANO, | Case No. 2:23-cv-01620-WBS-JDP (PC) |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JEFF LYNCH, | |
| Defendant | |

Plaintiff, a state prisoner proceeding *pro se*, brings this case against defendants under section 1983 for violation of his First, Eighth, and Fourteenth Amendment rights. For the reasons stated herein, the complaint fails to state a cognizable claim. I will grant plaintiff leave to amend and will grant his application to proceed *in forma pauperis*, ECF No. 2.

1

# Screening Order

## I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that some unidentified "incident" occurred in August 2018, that resulted in controlled substance analysis reports by the district attorney's office in October 2020 and October 2021. ECF No. 1 at 3. Then, in 2022, defendant Valine issued plaintiff a rules violation report. *Id.* Plaintiff does not describe the specifics of this rules violation report, how it may have been related to the reports from the district attorney's office, or how, as he alleges, it was falsified or issued in retaliation for protected conduct. *Id.*

Thereafter, plaintiff alleges that he was convicted at his disciplinary hearing by defendant Martinsen in November 2022. *Id.* He claims that his rights were violated by Martinsen when the latter excluded certain unspecified evidence. *Id.* Defendant Marshaw allegedly approved the conviction. *Id.* at 4.

The complaint then veers back to 2018, and plaintiff claims that defendant Hart issued a different rules violation report, including a falsified confession. *Id.* A different correctional officer, P. Bettencourt, added an allegedly falsified document to this report, though plaintiff does not say what it was. *Id.*

At bottom, the complaint is flawed because it lacks the specifics that would put each defendant on notice as to how he or she is alleged to have violated plaintiff's rights. I can glean that the claims concern a disciplinary conviction, or perhaps more than one, but the content of these convictions and the circumstances of their related proceedings are not adequately described. Accordingly, the complaint does not meet federal pleading standards.

As stated above, I will give plaintiff leave to amend. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed for failure to state a claim.

3. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:  November 1, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE