UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>       Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, *et al.*,<br><br>       Defendants. | Case No.  2:23-cv-01620-WBS-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S MOTION TO AMEND<br><br>ECF No. 18<br><br>**SCREENING ORDER**<br><br>FINDING THAT THE AMENDED COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND GRANTING A FINAL OPPORTUNITY TO AMEND<br><br>ECF No. 19 |

Plaintiff, a state prisoner, brings this action against numerous defendants, primarily alleging that they issued false rules violation reports against him.[1]  ECF No. 19 at 3-5.  These allegations do not state a cognizable claim.  I will grant him leave to amend one final time before recommending that this action be dismissed.

---

[1] This order screens the amended complaint and, in so doing, I grant plaintiff's motion to amend, ECF No. 18.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's handwriting and densely packed allegations are difficult to understand but, as best I can make out, he alleges that defendants filed multiple false rules violation reports against him. ECF No. 19 at 3-5. The issuance of a false rules violation report does not, on its own, give rise to a constitutional claim. *See Muhammad v. Rubia*, No. C 08-3209 JSW (PR), 2010 U.S. Dist. LEXIS 39818, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 F. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted). Plaintiff does briefly allege that he was denied the opportunity to call witnesses and to present "mitigation evidence" at one of the disciplinary hearings, but he offers no specifics. ECF No. 19 at 5. Plaintiff does not describe what witnesses or evidence he sought to present or whether defendant Martinusen, who oversaw the hearing, gave any rationale for the exclusion.

I will grant plaintiff a final opportunity to amend and better explain his claims before recommending dismissal. Therein and if he can, he must address the deficiencies explained above. Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that this action be dismissed.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's motion to amend, ECF No. 18, is granted.

IT IS SO ORDERED.

Dated:   October 9, 2024                                                 
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4